Foreign Judgments — Collection Fee Where a judgment in a civil action was rendered in the district court of Oklahoma County and after same had become final, the judgment debtor moved to Major County in which execution occurred under 19 O.S. 515.1 [19-515.1] (1961), the court clerk of Major County may not deduct the 1% poundage required by 28 O.S. 31 [28-31] (1968), but that the same may be deducted by the court clerk of Oklahoma County. The provisions of 19 O.S. 515.1 [19-515.1] (1961), and 12 O.S. 765 [12-765] (1961), are complementary. They both have application to foreign civil process. The Attorney General has considered your letter of March 13, 1968, wherein you request an official opinion. The facts are in substance as follows: A judgment in a civil action was rendered in the district court of Oklahoma County and after same had become final, the judgment debtor moved to Major County, Oklahoma. An execution for the collection of such judgment was transmitted by the Court Clerk of Oklahoma County to the Court Clerk of Major County, who delivered to the Sheriff of said county such process which was collected and the money paid to the Court Clerk of Major County by said Sheriff, all in accordance with the provisions of 19 O.S. 515.1 [19-515.1] (1961). The Court Clerk of Major County, after deducting the fees authorized by said Section 19 O.S. 515.1 [19-515.1], including the 1% for "receiving and paying out money in pursuance of law or order of court," required by 28 O.S. 31 [28-31] (1967), transmitted by her voucher the amount due, along with the returned process, to the Court Clerk of Oklahoma County, who refused to accept same because of the withholding of the 1% poundage which amounts to approximately $5.00. "Question 1. Should the Court Clerk of Major County deduct the 1% poundage in the situation mentioned, or should the Court Clerk of Oklahoma County deduct same, or should both clerks deduct such poundage? "Question 2. Does 12 O.S. 765 [12-765] (1961), have any application to foreign civil process, or should same be handled in the manner set forth in 19 O.S. 515.1 [19-515.1] (1961)?" Title 19 O.S. 515.1 [19-515.1] (1961), provides for the service of process outside of the county of its issuance. The court clerk of the county in which the process originates shall collect the fees for such service and transmit the fees and the process to the court clerk of the foreign county for service by the sheriff. The statute provides that the sheriff shall make return of the process to his court clerk and receive his costs from the fees collected by the court clerk in the county of origin. By statute the only charges that may be made for the service of foreign process are the sheriff's costs and a court clerk's docketing fee of One Dollar ($ 1.00). A history of the statute is helpful in determining if the sole charge which can be made by the foreign court clerk is the One Dollar ($1.00) docketing fee as set out above. The original act of 1943 provided that the court clerk of the originating county should forward the fees collected to the county treasurer of the foreign county and that "All such fees received by a County Treasurer for the service of foreign process shall be deposited as are other sheriff's fees in the County Treasury." The Act was amended in 1953. The amendment specified: ". . . no charge shall be made by the County Clerk for any book work herein directed." The forerunners of the present day act allocated all of the fee money to the sheriff of the foreign county with the court clerk of the foreign county getting no compensation for his duties. The present act provides: ". . . for docketing each case where process if received from a foreign county, the Court Clerk shall charge and collect a fee of One Dollar ($1.00) and no more, . . . ." This clause, viewed with reference to the history of the statute, provides the sole compensation due the foreign court clerk. In answer to your first question, it is the opinion of the Attorney General that the Court Clerk of Major County may not deduct the 1% poundage required by 28 O.S. 31 [28-31] (1967), but that the same may be deducted by the Court Clerk of Oklahoma County. Title 12 O.S. 731 [12-731] (1961), provides: "Executions shall be deemed process of the court . . . . They may be directed to different counties at the same time." The writ of execution should be served by the sheriff of a foreign county in the manner set forth in 19 O.S. 515.1 [19-515.1] (1961), which provides: "All . . . process issued out of court in some county other than the county in which such sheriff lives shall be sent to the court clerk of the county in which the same is to be served, and shall be, by such court clerk, delivered to the sheriff of his county to be served in all respects as process issued out of his own courts, . . . ." The sheriff of the foreign county shall make return to his court clerk who shall forward the same to the court clerk of the originating county. Upon such return, the court issuing the writ may confirm the sale as provided in 12 O.S. 765 [12-765] (1961), by ordering a journal entry showing that the court is satisfied with the legality of the sale. In answer to your second question, it is the opinion of the Attorney General that the provisions of 19 O.S. 515.1 [19-515.1] (1961), and 12 O.S. 765 [12-765] (1961), are complementary. They both have application to foreign civil process as above set out. (Brian H. Upp)